# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2009

Charles R. Fulbruge III
Clerk

No. 07-40488
Summary Calendar

DENNIS WHEELER,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-1350

Before GARZA, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner-appellant Dennis Wheeler, Texas prisoner # 771807, was found guilty of aggravated sexual assault of a child and was sentenced to life in prison. He has filed a federal habeas petition under 28 U.S.C. § 2254 to challenge this conviction, arguing in relevant part that the trial court denied him due process by permitting the State to present rebuttal evidence of an extraneous offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under the Antiterrorism and Effective Death Penalty Act, federal courts will not grant habeas relief on any claim that was adjudicated on the merits in state court proceedings unless the state court's ruling was the result of "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). Further, this "unreasonableness" inquiry addresses the state court's ultimate conclusion, not its reasoning process. *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001).

On appeal, Wheeler contends that the introduction of the extraneous offense evidence of his alleged molestation of another child was unduly prejudicial and was not related to the offense of conviction. To the extent that Wheeler is challenging the admissibility of this evidence under state evidentiary rules, an error in the application of state law does not constitute an independent ground for granting federal habeas relief. *See Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1874 (2008). To the extent that Wheeler is challenging the admission of the rebuttal evidence on federal grounds, the state court's evidentiary ruling does not present a cognizable habeas claim unless it violates a specific constitutional right or renders the trial fundamentally unfair. *Pemberton v. Collins*, 991 F.2d 1218, 1226 (5th Cir. 1993). The admission of an extraneous offense does not violate due process if the State "makes a strong showing that the defendant committed the offense and if the extraneous offense is rationally connected with the offense charged." *Wood*, 503 F.3d at 414.

Wheeler contends that the State failed to make a "strong showing" that he committed the prior, uncharged offense because the victim was allowed to testify without first establishing that the offense occurred. He has presented no case law requiring such a predicate showing, and the victim's testimony may show the existence of the offense. *See Wood*, 503 F.3d at 414-15. Wheeler also maintains that the offenses are not "rationally related" because they involved different victims and were not connected in any way. But offenses may be rationally related, even if they involve different victims and occurred at different times, if the offenses have "striking similarities." *See id.* at 415. The Texas Court of Criminal Appeals found that the two offenses were very similar because they involved Wheeler allegedly reaching into young girls' clothing to touch them despite the presence of family members nearby. Even were we to disagree with that conclusion, Wheeler has not established that the state court's rejection of Wheeler's due process claim in his state postconviction application constituted an unreasonable application of clearly established federal law. *See Williams*, 529 U.S. at 409; *Santellan*, 271 F.3d at 193. Accordingly, the judgment of the district court is AFFIRMED.